IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Aqilah Chisolm, | |
|          Plaintiff, | Civil Action No.: 2:13-cv-14673 |
| v. | |
| Bluestem Brands, Inc. d/b/a Fingerhut, | **DEMAND FOR JURY TRIAL** |
|          Defendant. | |

## COMPLAINT & JURY DEMAND

For this Complaint, the Plaintiff, Aqilah Chisolm, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

### PARTIES

4. The Plaintiff, Aqilah Chisolm ("Plaintiff"), is an adult individual residing in Ypsilanti, Michigan, and is a "person" as defined by 47 U.S.C. § 153(10).

5. Defendant Bluestem Brands, Inc. d/b/a Fingerhut ("Bluestem"), is a Minnesota business entity with an address of 6509 Flying Cloud Drive, Eden Prairie, Minnesota 55344, and is a "person" as defined by 47 U.S.C. § 153(10).

## FACTS

6. Within the last four years, Bluestem contacted Plaintiff on her cellular telephone in an attempt to collect a debt allegedly owed by Plaintiff.

7. At all times referenced herein, Bluestem placed calls to Plaintiff's cellular telephone using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

8. Upon answering calls from Bluestem, Plaintiff would be met with a few seconds of silence prior to being connected to a live representative.

9. In a conversation between Plaintiff and Bluestem that took place in July, 2013, Plaintiff requested that the automated calls to her cellular telephone cease.

10. Despite Plaintiff's request, Bluestem continued to harass Plaintiff with automated calls to her cellular phone at a rate of over five calls per day.

11. Upon information and belief, Plaintiff never provided her cellular telephone number to Bluestem or the creditor, and never provided her consent to either party to place automated calls to her cellular phone.

12. If at one time Bluestem had obtained Plaintiff's express consent to place calls to her cellular telephone, it no longer had consent after Plaintiff requested that the calls cease.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

13. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. At all times mentioned herein and within the last four years, Bluestem called Plaintiff on her cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and/or by using a prerecorded or artificial voice.

15. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

16. Bluestem's telephone systems appear to be a predictive dialer. Often times when Plaintiff answered the phone, she was met with a period of silence before Bluestem's telephone system would connect her to the next available representative.

17. Upon information and belief, Bluestem's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

18. Upon information and belief, Plaintiff never provided her cellular telephone to Bluestem and never provided her consent to be contacted on her cellular telephone, and in fact instructed Bluestem to stop all calls to her.

19. Upon information and belief, Plaintiff never provided her cellular telephone to the creditor and never gave consent to the creditor to contact her on her cellular telephone number.

20. In the event Bluestem at one time had consent to contact Plaintiff on her cellular telephone, Plaintiff revoked her consent by her demand to cease calls to her cellular telephone.

21. Bluestem continued to place automated calls to Plaintiff's cellular telephone knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

22. The telephone number called by Bluestem was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

23. The calls from Bluestem to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

24. Each of the aforementioned calls made by Bluestem constitutes a violation of the TCPA.

25. As a result of each of Bluestem's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

26. As a result of each of Bluestem's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(1)(A);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

    3.    Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: November 11, 2013

    Respectfully submitted,

    By: /s/ Sergei Lemberg, Esq.
    Attorney for Plaintiff Aqilah Chisolm
    LEMBERG & ASSOCIATES L.L.C.
    1100 Summer Street
    Stamford, CT 06905
    Telephone: (203) 653-2250
    Facsimile:   (888) 953-6237
    Email: slemberg@lemberglaw.com